IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER GARDNER *et al.*, | Case No. 2:21-cv-01256-SB |
| Plaintiffs, | **ORDER** |
| v. | |
| KATE BROWN *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Tyler Gardner ("Gardner"), a self-represented litigant, and "1,700 John Does and all others similarly situated" filed this civil rights action under 42 U.S.C. § 1983 against Governor Kate Brown, Colette Peters, the Oregon Health Authority, and 100 John Does, alleging Eight Amendment violations relating to the COVID-19 pandemic.

Now before the Court is Gardner's motion for appointment of counsel. (EFC No. 7.) For the reasons that follow, the Court denies Gardner's motion for appointment of counsel.

## DISCUSSION

Gardener filed a motion for appointment of counsel. (ECF No. 7.) A district court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *See*

PAGE 1 – ORDER

*Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of the exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Although it is unclear at this stage whether Gardner is likely to succeed on the merits of his claims, Gardner has demonstrated an ability to articulate his individual claims without the assistance of counsel. Furthermore, a related putative class action alleging similar claims has been pending since April 2020, and a motion for class certification is currently pending. (*See Maney et al. v. Brown et al.*, No. 6:20-cv-00570-SB.) At this juncture, Gardner's case does not present exceptional circumstances warranting the appointment of counsel, and therefore the Court denies Gardner's motion for appointment of counsel. *See, e.g.*, *Camirand v. Jones*, No. 2:19-cv-01829-YY, 2020 WL 1277693, at *3 (D. Or. Mar. 17, 2020) ("Because Plaintiff has not established extraordinary circumstances warranting the appointment of counsel at this juncture, the Court DENIES Plaintiff's three Motions for Appointment of Counsel[.]").

## CONCLUSION

For the reasons stated, the Court DENIES Gardner's Motion for Appointment of Counsel (ECF No. 7).

**IT IS SO ORDERED.**

DATED this 1st day of October, 2021.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 2 – ORDER