ELLEN F. ROSENBLUM
Attorney General
TRACY ICKES WHITE #904127
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Tracy.I.White@doj.state.or.us

Attorneys for Defendants Kate Brown, Oregon Health Authority, and Colette Peters

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER GARDNER; 1,700 JOHN DOES; and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KATE BROWN, Governor of Oregon; COLETTE S. PETERS, Director of Oregon Department of Corrections; OREGON HEALTH AUTHORITY ("OHA"); and 100 JOHN DOES; all named defendants are sued in their individual and official capacities,<br><br>Defendants. | Case No.  2:21-cv-01256-SB<br><br>STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR CLASS CERTIFICATION |

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7-1(a)(1)(C), conferral is not required because plaintiff is incarcerated.

**MOTION TO STAY PROCEEDINGS**

The State defendants move to stay this case pending the resolution of the motion for class certification in *Maney et al. v. Brown et al.*, 6:20-cv-00570 ("*Maney*").

Page 1 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION
  OF MOTION FOR CLASS CERTIFICATION
   TIW/a4s/143144884

This motion relates to the ongoing COVID-19 litigation against the Oregon Department of Corrections ("ODOC") and/or related persons in the District of Oregon. The State defendants will be seeking a brief stay of most federal cases that could fit within the putative classes of plaintiffs in *Maney* pending resolution of the motion for class certification in *Maney*. This is one of those cases.

This Court has routinely granted motions to stay in similar cases already, including:

1. *Alvarado v. Balogun*, Case No. 6:20-cv-01114.
2. *Bobo v. Brown*, Case No. 6:21-cv-00499.
3. *Brunick v. Brown,* Case No. 6:21-cv-00265.
4. *Coronado v. Brown,* Case No. 6:21-cv-00148.
5. *Coyle v. Brown*, Case No. 6:21-cv-00149.
6. *Figueroa v. Brown*, Case No. 6:21-cv-00079.
7. *Forter v. Brown*, Case No. 6:21-cv-00478.
8. *Hanna v. Peters*, Case No. 2:21-cv-00493.
9. *Hollins v. Hendricks*, Case No. 6:20-cv-00750.
10. *King v. Brown*, Case No. 6:21-cv-00164.
11. *Le v. Brown*, Case No. 6:21-cv-01027.
12. *Maneatis v. Brown,* Case No. 3:21-cv-00286.
13. *Menefee v. Department of Corrections*, 3:20-cv-02024.
14. *Moore v. Oregon Department of Corrections*, Case No. 3:21-cv-00599.
15. *Parkerson v. Brown*, 2:21-cv-00214.
16. *Ross v. Blewett*, Case No. 2:20-cv-01338.
17. *Russum v. Brown*, Case No. 6:21-cv-00836.
18. *Sansburn v. Brown*, Case No. 6:21-cv-00231.
19. *Sissell v. Brown,* Case No. 6:21-cv-00253.
20. *Slater v. ODOC,* 3:21-cv-00229.

Page 2 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION
OF MOTION FOR CLASS CERTIFICATION
TIW/a4s/143144884

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

21. *Thomas v. Brown,* 6:21-cv-00568.

22. *Trimble v. Brown*, Case No. 6:21-cv-00233.

23. *Vollert v. Brown,* Case No. 2:21-cv-00585.

24. *Wolfe v. ODOC,* 6:21-cv-00192.

25. *Yocum v. Hendricks,* Case No. 6:20-cv-01923 (Judge Kasubhai).

"A district court has the discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: '"(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]"'" *Ross v. Blewett*, 2021 WL 535840 at * 2 (D. Or. Feb. 12, 2021) (citations omitted, brackets in original). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Levya v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 864 (9th Cir. 1979), *cert. denied*, 444 U.S. 827 (1979). A stay pending class certification is within the court's discretion. *See, e.g., Ross,* 2021 WL 535840 at * 3 (citing cases staying actions pending adjudication of class actions).

A brief stay in this matter is appropriate pending the resolution of the class certification issues in *Maney*. The plaintiffs in the *Maney* matter bring claims under 42 U.S.C. § 1983, alleging that defendants acted with deliberate indifference to plaintiffs' health by failing to adequately protect them from heightened exposure to Covid-19 by, among other things, implementation and enforcement of mask requirements, proper sanitization and disinfection, and implementation and enforcement of proper quarantines and social distancing. *Maney,* Sixth Amended Complaint at ¶ 93, ECF No. 282.

The *Maney* plaintiffs assert class action allegations under FRCPs 23(b)(1), 23(b)(2), 23(b)(3), and, in the alternative, 23(c)(4). The *Maney* plaintiffs seek to certify the following

Page 3 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION
       OF MOTION FOR CLASS CERTIFICATION
   TIW/a4s/143144884

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

putative classes: (1) a damages class that is composed of individuals that have been housed in ODOC facilities on or after February 1, 2020, and have tested positive or otherwise have been diagnosed with Covid-19; and (2) a wrongful death class consisting of the estates of adults incarcerated at ODOC facilities continuously since February 1, 2020 who died on or after March 8, 2020 and for whom Covid-19 caused or contributed to their death. *Maney*, Sixth Amended Complaint at ¶¶ 23-24. The Motion to Certify seeks to certify a damages class and a wrongful death class. Pl's Motion to Certify, ECF No. 203, at 1.

Similar to the plaintiffs in *Maney*, Plaintiff is incarcerated at ODOC. Complaint, ECF No. 2, at 1-2. His first claim alleges the defendants acted with deliberate indifference in violation of the Eighth Amendment to the U.S. Constitution by placing plaintiff at a substantial risk of harm or death from Covid by, among other items, confining AICs without the means to practice social distancing. Complaint, ECF No. 2, at 2-3, 7-9. He further alleges that "Plaintiffs"[1] were "exposed to and infected with COVID-19[.]" Complaint at 6. It thus appears plaintiff[2] might be part of the damages class.

Plaintiff does have other claims. Plaintiff's second claim alleges the defendants violated plaintiff's equal protection rights by forcing mask mandates on vaccinated AICs and not doing so with non-AICs. Complaint at 14. The third claim alleges the defendants violated plaintiff's First Amendment rights by terminating religious services and practices of over a year. Complaint at 15. The fourth claim alleges the defendants violated plaintiff's Fourteenth Amendment rights by imposing a mask mandate. Complaint at 16. The fifth claim alleges the defendants violated plaintiff's First Amendment and equal protection rights by enforcing mask mandates.

---

[1] Plaintiff Tyler Gardner purports to bring this action on behalf of 1,700 other AICs confined at Eastern Oregon Correctional Institution. Complaint at 2. As this Court has previously held, "a self-represented plaintiff may not represent other plaintiffs in litigation." *Parkerson v. Brown*, Case No. 2:21-cv-00214, 2021 WL 2188234 at *1 (D. Or. May 28, 2021). "'This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.'" *Id.* (citation omitted).

[2] Note that given the class allegations, it is unclear if the Complaint is alleging that plaintiff Gardner himself was infected with Covid or that other putative class members were infected.

Page 4 -    STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION
             OF MOTION FOR CLASS CERTIFICATION
    TIW/a4s/143144884

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

All of these claims appear to be related to the Covid pandemic. Possibly they could become part of the *Maney* case if certified. If not, the claims may be able to be separated out. Staying the whole case pending resolution of the *Maney* motion for certification would allow the issues to be sorted out at the appropriate time. *See Russum v. Brown*, Opinion and Order, Case No. 6:21-cv-00836 (Dec. 9, 2021) (staying *pro se* AIC Covid case even though it raised claims other than the defendants' alleged failure to respond adequately to Covid).

Waiting for the court to rule on the *Maney* class certification petition will not prejudice or significantly delay the *Gardner* case. *Maney*'s motion for class certification was filed on May 3, 2021 (ECF No. 203). The *Maney* State defendants filed their response to the motion on December 10, 2021 (ECF No. 290). The Court has indicated it will hear oral argument on the motion in January 2022. (ECF No. 280). Thus, resolution of the certification issue is coming soon, making a stay all the more appropriate.

By contrast, this case was filed relatively recently (August 23, 2021); the Notice of Lawsuit and Request for Waiver of Service of Summons was provided to the Department of Justice even more recently (September 23, 2021) (ECF Nos. 2, 6). If class certification is granted, Mr. Gardner may elect to proceed as a member of the class, if eligible, or he could opt-out and proceed with his own case. *See Ross*, 2021 WL 535840 at *3.

Furthermore, a stay in this case avoids hardship to the State defendants and promotes judicial economy, since it allows the State defendants and this Court to focus their resources temporarily on a single action rather than two separate actions that assert substantially similar claims.

Page 5 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION
           OF MOTION FOR CLASS CERTIFICATION
   TIW/a4s/143144884

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

For these reasons, the State defendants ask this Court for a stay of the *Gardner* case pending resolution of the motion for class certification in *Maney*.

DATED December  13 , 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


   *s/ Tracy Ickes White*
TRACY ICKES WHITE #904127
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Tracy.I.White@doj.state.or.us
Of Attorneys for Defendants Kate Brown,
Oregon Health Authority, and Colette Peters

Page 6 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION
    OF MOTION FOR CLASS CERTIFICATION
   TIW/a4s/143144884

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

# CERTIFICATE OF SERVICE

I certify that on December  13 , 2021, I served the foregoing STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR CLASS CERTIFICATION upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Tyler Gardner | ___ HAND DELIVERY |
| SID #18175548 | _X_ MAIL DELIVERY |
| Eastern Oregon Correctional Institution | ___ OVERNIGHT MAIL |
| 2500 Westgate | ___ TELECOPY (FAX) |
| Pendleton OR  97801 | ___ E-MAIL |
| *Pro se Plaintiff* | ___ E-SERVE |

       *s/ Tracy Ickes White*
TRACY ICKES WHITE #904127
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Tracy.I.White@doj.state.or.us
Of Attorneys for Defendants Kate Brown,
Oregon Health Authority, and Colette Peters

Page 1 -   CERTIFICATE OF SERVICE
          TIW/a4s/45006592

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791