IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER GARDNER; 1,700 JOHN DOES; and all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>KATE BROWN *et al.*,<br><br>   Defendants. | Case No. 2:21-cv-01256-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

Tyler Gardner ("Gardner"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), filed this civil rights action under 42 U.S.C. § 1983 ("Section 1983") against Governor Kate Brown ("Governor Brown"), Colette Peters, Oregon Health Authority ("OHA"), and 100 John Does (together, "Defendants"), alleging violations of his First, Eighth, and Fourteenth Amendment rights, and the Religious Land and Institutionalized Person Act.[1] This matter comes before the Court on Defendants' motion to stay this litigation. For the reasons that follow, the Court grants Defendants' motion to stay.

---

[1] Gardner purports to represent himself and "1,700 John Does and all others similarly situated" and captioned his complaint as a "Class Action Allegation Complaint." However, as

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Gardner is an AIC currently housed at the Eastern Oregon Correctional Institution. On August 23, 2021, Gardner filed this action against Defendants, alleging that (1) Defendants' failure adequately to respond to COVID-19 violates his Eighth Amendment rights; (2) Defendants "forc[ed] mask mandates on incarcerated vaccinated individuals, while excluding non-incarcerated individuals from the mask mandates" in violation of his Fourteenth Amendment rights;[2] and (3) Defendants terminated religious services and practices in violation of his First Amendment rights and the Religious Land and Institutionalized Person Act. (ECF No. 2.)

Sixteen months earlier, on April 6, 2020, seven AICs (the "*Maney* Plaintiffs"), housed at four ODOC institutions, filed a civil rights action under Section 1983 against Governor Brown and several ODOC officials (together, the "*Maney* Defendants"). (Defs.' Mot. to Stay at 3, ECF No. 10; *Maney et al. v. Brown et al.*, 6:20-cv-00570-SB ("*Maney*"), ECF No. 1.) The *Maney* Plaintiffs allege that the *Maney* Defendants acted with deliberate indifference to their health and safety by failing adequately to protect them from COVID-19 through social distancing, testing, sanitizing, medical treatment, masking, and vaccines. (*See Maney* Sixth Am. Compl., ECF No. 282.)

On December 13, 2021, Defendants filed a motion to stay this matter pending resolution of the motion for class certification in *Maney*. (Defs.' Mot. to Stay at 1.)

---

the Court has recently held under similar circumstances, a self-represented adult in custody ("AIC") may not represent other plaintiffs in federal litigation. *See Parkerson et al. v. Brown et al.*, Case No. 2:21-cv-00214, 2021 WL 2188234, at *1 (D. Or. May 28, 2021).

[2] Gardner separately alleges that the mask mandate, generally, is a violation of his Fourteenth Amendment rights.

PAGE 2 – OPINION AND ORDER

## DISCUSSION

### I. APPLICABLE LAW

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936), and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *Patton*, 2019 WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

### II. ANALYSIS

The Court finds that, on balance, the relevant factors weigh in favor of staying this action pending resolution of class certification in *Maney*.

First, there is substantial overlap between the parties and legal issues to resolve in the *Maney* case and this case, as both actions include Section 1983 claims alleging that ODOC officials acted with deliberate indifference to AICs' health and safety by failing adequately to protect them from COVID-19. (*Maney* Sixth Am. Compl. ¶ 92; Compl. at 2.) A stay will conserve judicial resources by avoiding duplicative litigation.

Furthermore, a stay in this case will not result in significant delay, as the motion for class certification in *Maney* will be fully briefed by January 7, 2022. (*See Maney* ECF No. 280.) If the

PAGE 3 – OPINION AND ORDER

Court grants the *Maney* Plaintiffs' motion for class certification, Gardner may have the option of proceeding as a member of the Damages Class if he has tested positive or has otherwise been diagnosed with COVID-19, or he may opt out and litigate his own case. *See McDaniels v. Stewart*, No. 15-CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) (granting stay pending class certification and noting that "Plaintiff may elect to be a member of the class if it is certified, or opt-out and proceed with his own case"). On the other hand, if the Court denies class certification, Gardner faces only a brief delay in this matter.

For these reasons, the Court concludes that staying this litigation will conserve judicial resources by avoiding duplicative litigation, and a stay will not unduly prejudice Gardner. *See McDaniels*, 2017 WL 132454, at *2 (granting stay because "staying this action pending resolution of class certification . . . promotes judicial economy and does not prejudice Defendants"); *see also Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *11 (N.D. Cal. May 19, 2020) (staying habeas petition pending adjudication in separate class action because "[t]he potential relief available to [the petitioner]—immediate release due to the COVID-19 pandemic, the conditions of confinement at the Yuba County [Jail], and his medical vulnerabilities—is the same substantive relief sought in this action and is based on the same underlying facts" and therefore "a stay pending adjudication of [the class action] is warranted"); *Duong v. Jennings*, No. 20-cv-02864-RMI, 2020 WL 2524252, at *2 (N.D. Cal. May 18, 2020) (same); *Calderon v. Barr*, No. 2:20-cv-00891 KJM GGH, 2020 WL 2394287, at *4-5 (E.D. Cal. May 12, 2020) (same).

///

///

///

PAGE 4 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to stay (ECF No. 13), and STAYS this action pending resolution of class certification in the *Maney* case.[3]

**IT IS SO ORDERED.**

DATED this 29th day of December, 2021.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[3] "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" *James v. Ariz. Dep't of Corrs.*, No. 18-4545, 2019 WL 7494660, at *2 (D. Ariz. Aug. 14, 2019) (quoting *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). Defendants' motion to stay does not dispose of any claims or defenses and does not effectively deny any ultimate relief. Thus, this Court may resolve the motion to stay without full consent to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c).